Pan v. Lynch

BIA
Poczter, IJ
A205 614 892

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand sixteen.

PRESENT:
>    ROBERT D. SACK,
>    REENA RAGGI,
>    SUSAN L. CARNEY,
>        *Circuit Judges.*

_____

HANG PAN,
>    *Petitioner,*

>    v.                                    14-4397
>                                          NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Gerald Karikari, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Cindy S.
                       Ferrier, Assistant Director; Tracie
                       N. Jones, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hang Pan, a native and citizen of the People's Republic of China, seeks review of an October 24, 2014, decision of the BIA affirming a January 29, 2013, decision of an Immigration Judge ("IJ") denying Pan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hang Pan,* No. A205 614 892 (B.I.A. Oct. 24, 2014), *aff'g* No. A205 614 892 (Immig. Ct. N.Y. City Jan. 29, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Pan's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the

2

circumstances," base a credibility finding on inconsistencies between the applicant's statements and other evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the adverse credibility determination. The IJ reasonably relied on internal inconsistencies within Pan's testimony and inconsistencies among his testimony, prior statements, and documentary evidence. For instance, Pan submitted documentary evidence that he went to a clinic twice after he was allegedly beaten by authorities, but he testified that he only went once. The agency was not required to accept his explanation, that the second visit was he only to pick up medicine, particularly given that the entry for the second visit reflected a re-examination but not any prescriptions. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

3

Pan also submitted a document titled a "detention warrant." When asked about it, he testified that he was summoned back to the police station shortly after he was released to pick up the document. His asylum application omitted any mention of this summons or document. His explanation, that he thought it was an unimportant part of regular police procedure, is not sufficiently compelling to overturn the IJ's inconsistency finding. *Id.*

Finally, Pan testified on direct examination that he was introduced to Christianity at a time when he was having trouble with work. On cross-examination, he testified that he was struggling with his job at a jewelry store. Immediately thereafter, when asked when he worked at the jewelry store, he replied that he worked there for three days in 2008, three years before he was introduced to Christianity. He was unable to provide any explanation for this inconsistency.

Given the internal inconsistencies in his testimony and the inconsistencies among his testimony, documentary evidence, and written statements, all of which relate to his Christianity or alleged persecution, substantial evidence supports the agency's adverse credibility determination. *Xiu Xia Lin*, 534

F.3d at 167.  That determination is dispositive of asylum, withholding of removal, and CAT relief, because all three rely on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk